**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 02-116

No. 03-3519

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

OCT 1 8 2005

LEONARD GREEN, Clerk

1:02 cr 116
Olott

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| BENJAMIN MCCULLOUGH, | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: KENNEDY, COOK, and GRIFFIN, Circuit Judges.

COOK, Circuit Judge. Benjamin McCullough was convicted of possession of a firearm by

a convicted felon in violation of 18 U.S.C. § 922(g). He appeals his conviction and sentence on

several grounds: the district court erred in admitting hearsay evidence and overly-prejudicial

evidence against him; the prosecution committed misconduct; the district court improperly instructed

the jury; and the evidence as a whole was insufficient to support his conviction. McCullough also

contends that the court sentenced him in violation of *United States v. Booker*, 125 S. Ct. 738 (2005).

We affirm his conviction but vacate and remand his sentence for re-sentencing according to the

principles in *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005).

I

According to testimony at trial, McCullough entered Martin's Bar in Cincinnati on the night

of March 11, 2002. Adrian Battle, a security guard at Martin's, was in the bar at the time but off-

No. 03-3519
*United States of America v. McCullough*

duty. Battle noticed a bulge in McCullough's jacket and suspected that McCullough was carrying

a gun. He approached McCullough, restrained him, reached inside McCullough's jacket, and pulled

out a nine-millimeter, semi-automatic handgun. Battle detained McCullough until the police arrived.

Several witnesses testified at trial, including Battle, bar patron Darlene Harris, and the

arresting officer, Iris Kelley. On November 15, 2002, the jury convicted McCullough of possession

of a firearm by a convicted felon. On March 31, 2003, the district court sentenced him to 92 months

in prison, followed by three years of supervised release. This appeal followed.

II

A. Admissibility of Evidence

McCullough challenges the district court's evidentiary rulings on two fronts. First,

McCullough contends that the court erroneously admitted certain statements in Darlene Harris's

testimony under the excited utterance exception to the hearsay rule, FED. R. EVID. 803(2); second,

McCullough contends that the court erred by admitting *any* evidence of his motive, alleging that such

evidence was more prejudicial than probative. We typically review a district court's evidentiary

rulings for an abuse of discretion. *United States v. Brown*, 367 F.3d 549, 554 (6th Cir. 2004).

Because McCullough did not object to the motive evidence at trial, however, we review the district

court's admission of motive evidence, the target of McCullough's second argument, for plain error.

*United States v. Combs*, 369 F.3d 925, 938 (6th Cir. 2004).

No. 03-3519
*United States of America v. McCullough*

### 1. Excited Utterance

Harris testified that after the police arrested McCullough, another man who had accompanied McCullough returned to the bar and appeared "very upset." She reported the companion saying that "he had came down to the bar to get the guys that jumped him," that "he was sorry he got his friend in trouble," and that "he just got out of jail not too long ago, and they didn't even run into who they were looking for." Harris testified that the man "wouldn't calm down" and eventually had to be escorted out of the bar. Over McCullough's objection, the district court admitted Harris's testimony regarding the companion's statements as excited utterances.

The companion's statements were not testimonial, and thus are not barred outright by the Confrontation Clause. *See Crawford v. Washington*, 541 U.S. 36, 50-51 (2004) (Confrontation Clause bars admission of testimonial statements, such as "formal statement[s] to government officers," but not "off-hand, overheard remark[s]" or "casual remark[s] to an acquaintance"). As non-testimonial hearsay, the companion's statements must satisfy three elements to be admitted as excited utterances: "1. There must be an event startling enough to cause nervous excitement; 2. The statement[s] must be made before there is time to contrive or misrepresent; and 3. The statement[s] must be made while the person is under the stress of the excitement caused by the event." *United States v. Arnold*, 410 F.3d 895, 900 (6th Cir. 2005).

The statements here satisfy these criteria. Regarding the first criterion, we find that witnessing McCullough's arrest was sufficiently startling to cause nervous excitement. *Cf. United*

- 3 -

No. 03-3519
*United States of America v. McCullough*

*States v. Wolak*, 923 F.2d 1193, 1196 (6th Cir. 1991) (holding that a statement reacting to an arrest was *not* an excited utterance, in part because the declarant was not present at the arrest). It is of no moment that witnessing an arrest would not startle all persons in all circumstances, because we determine whether an event is startling by considering its likely effect upon the particular declarant. *See United States v. Napier*, 518 F.2d 316 (9th Cir.), *cert. denied* 423 U.S. 895 (1975) (finding an excited utterance where the victim, following seven weeks of hospitalization necessitated by an assault, was merely shown a newspaper photograph of her alleged attacker and said, "He killed me, he killed me.") The inquiry is not subjective *per se*, but objective based upon the totality of the circumstances.   In this case, however, such circumstances may not include the fact that McCullough's companion considered himself to be at fault for McCullough's arrest, for an excited utterance can not establish its own underlying event. *Cf. Idaho v. Wright*, 497 U.S. 805, 823 (1990) (holding that "bootstrapping" on other evidence to support a hearsay statement's "particularized guarantees of trustworthiness" would violate the Confrontation Clause); *People v. Burton*, 445 N.W.2d 133, 139 (Mich. 1989) (interpreting language identical to the Federal Rules to prohibit an excited utterance itself from establishing its underlying event). We thus find that the circumstances *surrounding* the companion's statements—McCullough's arrest, resistance, and detention for possession of a firearm—were sufficiently startling to cause nervous excitement, and to allow us to uphold the district court's exercise of its discretion in admitting Harris's hearsay testimony regarding the statements.

No. 03-3519
*United States of America v. McCullough*

The second criterion, that the statements must have been made before there was time to contrive, was established by evidence that the companion's statements were made within a short time of McCullough's arrest. Harris testified that she remained in the bar for approximately three hours after the arrest and that the companion talked for "at least half an hour." The time between the arrest and declarant's statements thus could not have been longer than two-and-a-half hours. If the record offered *no* evidence of the time between the incident and the statements, then the district court would have abused its discretion by admitting the statements. *See Arnold*, 410 F.3d at 900 (finding an abuse of discretion where "the record reveal[ed] no evidence as to when the alleged incident . . . occurred"). But because McCullough's companion made his statements within a short, albeit uncertain time of the arrest, we conclude that the district court did not abuse its discretion in concluding that the statements "were made before there was time to contrive or misrepresent." *See United States v. Baggett*, 251 F.3d 1087, 1090 n.1 (6th Cir. 2001) (finding admissible statements regarding spouse abuse that were made several hours after the abuse occurred).

The third criterion is also satisfied. Harris testified that McCullough's companion was "very upset" and would not "calm down" in reaction to McCullough's arrest. Again, the district court could not have relied upon the companion's statements to conclude that his stress was caused by the event. But the record presents ample evidence to support the conclusion that a causal connection existed. The fact that the declarant appeared to be McCullough's companion and was very upset immediately following the arrest supports the inference that he was "under the stress of the excitement caused by the event" when he made his statements. *Arnold*, 410 F.3d at 900. We

No. 03-3519
*United States of America v. McCullough*

accordingly find that the district court did not abuse its discretion regarding the third criterion, and

did not abuse its discretion by admitting the companion's statements as excited utterances.

### 2. Motive Evidence

We also conclude that the district court did not commit plain error by admitting evidence of

McCullough's motive. The motive evidence, that McCullough had entered the bar looking to shoot

someone, was clearly probative of whether McCullough was carrying a gun, so McCullough's only

argument is that it was overly-prejudicial: that it may have led the jury to "decide[] the case not on

whether the Appellant actually had possession, but whether the Appellant was a danger to the

community." We disagree that the motive evidence was overly-prejudicial, and we hold that the

district court did not commit plain error by admitting it.

McCullough first challenges the admission of Harris's hearsay testimony that McCullough

had come to the bar to take revenge on someone. McCullough's brief refers to one statement that

the court instructed the jury to ignore—that McCullough planned to "jump" another person—but he

presumably intends to draw our attention to later statements in Harris's testimony that the jury *could*

consider—the statements discussed in section II.A.1 above. Yet we disagree that the inclusion of

those statements represented plain error. Harris, after all, testified that she personally saw

McCullough with the gun, so it is unlikely that the jury thought him any more of a "danger to the

community" because of evidence that he had a reason for carrying it. Moreover, the district court

instructed the jury that "the defendant is only on trial for the particular crime charged in the

- 6 -

No. 03-3519
*United States of America v. McCullough*

indictment," and that its duty was "limited to deciding whether the government has proven the crime

charged."

McCullough also challenges two statements that the court specifically instructed the jury to

ignore: *Battle's* testimony that McCullough's companion had stated that McCullough came to

Martin's to "shoot someone," and the prosecution's reminder to the jury (during its closing

argument) that it had "heard testimony that [McCullough] was [at Martin's] to take care of some

business." The district court sustained McCullough's timely objection to—and instructed the jury

to ignore—Battle's statement. And, since the testimony that was the basis for the prosecution's

closing statement—*i.e.*, Harris's testimony—was not itself overly-prejudicial, neither was the mere

reference to that testimony in the closing argument. Indeed, the district court reduced any prejudicial

effect of the prosecution's closing statement by instructing the jury that closing arguments were not

evidence and therefore should not be considered in reaching the verdict. We conclude that the

district court did not commit plain error in either instance.

### B. Prosecutorial Misconduct

McCullough next contends that he was prejudiced by prosecutorial misconduct during

closing arguments. McCullough failed to object to the alleged misconduct at trial, so again we

review the district court's conduct for plain error. *Combs*, 369 F.3d at 938. In reviewing a claim of

prosecutorial misconduct, we first determine whether the challenged conduct was improper. If so,

we then consider four factors to determine whether the impropriety was "flagrant":

No. 03-3519
*United States of America v. McCullough*

> (1) whether the remarks tended to mislead the jury or to prejudice the accused [including whether the trial judge gave an appropriate cautionary instruction to the jury];
>
> (2) whether they were isolated or extensive;
>
> (3) whether they were deliberately or accidentally placed before the jury; and
>
> (4) the strength of the evidence against the accused.

*United States v. Cobleigh*, 75 F.3d 242, 247 (6th Cir. 1996) (citations omitted). Because we find that none of the challenged conduct here rises to the level of flagrant misconduct, we deny McCullough's claims of prejudice.

### 1. Opinion on Guilt

McCullough first challenges the following statement in the prosecution's closing argument:

> You will be given a verdict sheet. On that verdict sheet, as the judge has instructed you, you have a choice. We seek a responsible verdict. Guilty or not guilty? I filled mine out. The one I have is a copy. We don't put anything more on this sheet, and we don't put anything less on this sheet. And I'm not asking you to mark anything more or less than I did in the beginning, and that is to mark "guilty."

As McCullough correctly notes, a prosecutor may not express his personal opinion regarding a defendant's guilt. "[S]uch comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury." *United States v. Young*, 470 U.S. 1, 18 (1985). But when nothing in a prosecutor's statement suggests that he or she relies on information outside the evidence presented at trial, the risk of prejudice dissipates. *Id.* at 19. Such is the case here. The prosecutor's statement, casting himself as a juror, was neutral

- 8 -

No. 03-3519
*United States of America v. McCullough*

on the question of outside evidence, and could even be read as his suggesting how he would decide based only on the evidence presented at trial. And the likelihood that the statement prejudiced McCullough was further reduced by the court's directions to the jury to consider only the evidence presented at trial. Finding no plain error, we accordingly reject McCullough's challenge.

McCullough objects to other statements in the prosecutor's closing argument—"apologiz[ing] for the defense's cross-examination of [Battle]," and "indicating that [Battle] should not have had to endure such cross-examination." McCullough's cause for complaint is unclear, but we presume that he considers the prosecutor by such statements to have improperly vouched for Battle's credibility. We again disagree. The prosecution hoped to focus the jury on the crime (and the defendant) at issue, and not on Battle's own criminal record, the target of much of the defense's cross-examination; the "apology"—which in fact was directed at Battle ("I apologize to that man")—was a rhetorical aside designed to differentiate the two. We doubt that any prejudice resulted, let alone plain error.

## 2. Comments on Failure to Testify

McCullough contends that the prosecutor, also in his closing argument, improperly commented on McCullough's failure to testify at trial—causing McCullough further prejudice. In particular, the prosecutor asked the jury, "Does the defendant say, have you heard any testimony, 'Whoops, wrong jacket, because this can't be my jacket[?]'" We disagree that this statement was flagrantly improper. The context indicates that the prosecutor was simply asking rhetorically

- 9 -

No. 03-3519
*United States of America v. McCullough*

whether the defense had presented any evidence that the jacket containing the gun was not McCullough's. Moreover, it appears that with the words "have you heard any testimony" the prosecutor intended to reformulate his question as one about the testimony in general, rather than McCullough's decision not to testify in particular. We find that the court did not commit plain error by failing to bar the statement sua sponte.

### 3. Argument Based on Facts not in Evidence

McCullough's third charge of prosecutorial misconduct alleges that statements in the prosecutor's closing argument presented "facts which were not part of the evidence presented." In fact, the challenged statements merely referred to an argument that the *defense* had made to impeach Battle. We find no prejudice by their inclusion and accordingly no error by the district court.

### C. Jury Experiments

In the midst of its deliberations, the jury asked whether the court could provide "something of similar weight to the clip and the bullets that go in [the seized gun]"; the court denied the request but did not specifically instruct the jury not to conduct experiments. McCullough contends that this was plain error, but we disagree. The court responded to the request by instructing the jury to "rely on the evidence that has been admitted." This instruction was in no way erroneous. Indeed, in context the instruction arguably implied that the jury should not conduct its own experiments. We reject McCullough's contention that he was prejudiced by the lack of specificity.

- 10 -

No. 03-3519
*United States of America v. McCullough*

### D. Sufficiency of Evidence

In his final allegation of trial error, McCullough argues that insufficient evidence supported his conviction. This court reviews challenges to the sufficiency of evidence to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Avery*, 128 F.3d 966, 971 (6th Cir. 1997) (citations omitted). "[C]hallenges to the credibility of witnesses are not . . . challenges to the sufficiency of the evidence, but are instead challenges to the quality of the government's evidence," a matter to be assessed by the jury. *United States v. Latouf*, 132 F.3d 320, 330-31 (6th Cir. 1997). McCullough's sufficiency-of-the-evidence challenge amounts to no more than an attack on Battle's and Officer Kelly's credibility. We find that sufficient evidence supported McCullough's opinion and reject his challenge accordingly.

### E. *Booker*

In light of *United States v. Booker*, 125 S. Ct. 738 (2005), McCullough argues that the district court erred in sentencing him under mandatory guidelines. The government conceded this error in oral argument. We accordingly vacate McCullough's sentence and remand for re-sentencing according to the principles in *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005).

### III

We affirm McCullough's conviction, vacate his sentence, and remand for re-sentencing.

- 11 -