IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

UNITED STATES OF AMERICA,

       Plaintiff,                           Case No. CR-1-02-116
                                              Judge Dlott

vs.

BENJAMIN MCCULLOUGH,

       Defendant.

\*    \*    \*    \*    \*    \*    \*

**SENTENCING MEMORANDUM**

**COMES NOW**, Counsel for the Defendant herein, and files this Sentencing Memorandum in support of the sentencing upcoming on May 2, 2006.

**Statement of the case**

As this Court will recall, the Defendant was convicted one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). On March 31, 2003, the Defendant was sentenced by this Court to 92 months incarceration, to be followed by 3 years supervised release. At the sentencing hearing, the Government had requested the high end of the then mandatory sentencing range. This Court found "I think you have the potential to turn the corner, and I fell so badly that you got caught up in this kind of event, because I do think you do have potential. For that reason, I'm going to give you the minimum I can give you under the guidelines." (Sentencing, p.19) The Defendant's conviction was affirmed on appeal to the Sixth Circuit; however, the court

remanded for resentencing in light of <u>United States v. Booker</u>. 125 S.Ct. 738 (2005)

The Court will recall that the Defendant's conviction was based upon his possession of a firearm at Martin's Bar on March 11, 2002. The conviction was based on the testimony of Adrian Battle and Darlene Harris. Walter Pugh testified before the jury that the weapon was his, and not the Defendants. The weapon was not used or otherwise displayed, but was present in the bar.

**Factors in Mitigation of Sentencing**

The Defendant submits that, regardless of the ultimate Guidelines determination, this Court should impose a sentence far less than the previous sentence imposed, based upon mitigating factors which support a reasonable sentence in this matter.

The relevant portion of 18 U.S.C. § 3553(a) states that in determining a proper sentence, the Court should consider, in addition to the United States Sentencing Guidelines:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the

2

defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available

## I.   Nature and circumstances of the offense

There was no violence connected with this offense. Taking the Government's version of events as true, Adrian Battle found the weapon in the Defendant's coat. The weapon was not connected to any other offense, and was not displayed or brandished in any way. In comparing the Defendant's alleged possession to other cases in which a defendant is convicted of this type of offense, the nature and circumstances of this offense are far less than those of the average offender.

## II.  History and characteristics of the Defendant

The Defendant next submits that, looking at the Defendant as an individual human being, this Court will see that there are several factors which warrant imposition of a lesser sentence.

First, the Defendant has worked a job and completed programming within the Bureau of Prisons, in order to better himself and to meet his obligations to this Court. First, the Defendant presents, as collected Exhibit A, three certificates of

completion.  Over the past 3 years, the Defendant has completed a
10 hour NA program, a 40 hour drug abuse education program, and,
most recently, a 585 hour residential electrician program, so that
he can obtain gainful employment upon his release from
incarceration.  These vocational skills will help him in the
workplace, while the lessons learned in the NA and drug abuse
programs will help him to keep away from problems in the future.
In addition, Exhibit B is an application for an apprenticeship
program in HVAC, in order to learn additional skills.  In addition
to this programming, the Defendant has kept a consistent
superlative rating in his work assignment in the BOP's  financial
responsibility program. (Exhibit C)  This has given the Defendant
the ability to pay his fine imposed by this Court, which he has
done. (Exhibit D)

     In addition to the Defendant's attempts to better himself, he
has maintained family relationships.  Three years ago, this Court
heard at sentencing from Shunquela Thomas-McCullough, the
Defendant's wife.  Shunquela (Nikki) has kept with the defendant,
and provides this Court with a letter of support. (Exhibit E)
Nikki's letter stresses the need for the Defendant to be with his
family, and his young children.  Further, both the Defendant's
mother and step father has provided letters of support (Exhibits F
& G), indicating their continued love and support of the Defendant.
It is a testament to the Defendant's good character that his family

4

continues to stick by him, supporting him through this process.

The Defendant is an individual who has made mistakes in his life.  But that does not mean that he has no redeeming qualities. The Defendant asks that this Court take those redeeming qualities into account, and reduce the Defendant's sentence.


### III. The purpose of the sentence imposed

18 U.S.C. § 3553 states that the Court should consider the following factors in determining the purpose of any sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;  to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Defendant submits that a sentence less than 92 months would meet these purposes.  Just punishment for this offense could be served by a lesser sentence than that imposed.  The Defendant, who will be 30 years old in September, is not a continued threat to society at this point.  The Defendant has skills, learned through the BOP, which will allow him to obtain legal employment. The Defendant would like the opportunity to prove to society and the Court that he can be a productive member of society.

5

## IV.  The kinds of sentences available to the Court

The Defendant submits that, as to the type of sentences available to the Court, in light of <u>Booker</u>, the Court is only legally bound by the statutory range, which includes a sentence of no incarceration.  Under these circumstances, in light of the time already served (over 4 years), this Court can lower the sentence to time served.  According to BOP records, with good time credit (for which the Defendant has received full credit, the Defendant's current release date is November 16, 2008.

**Guidelines Determinations**

The Defendant further submits that this Court can find that, because the Defendant's prior convictions were not submitted to the jury, that their use at sentencing violates the Sixth Amendment right to a jury trial on all issues.

In the case of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 455  The Court recognized a limited exception to this rule: the "fact of a prior conviction". <u>Id.</u>  In making this exception, the Court reiterated its holding in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), in which the Court held that the fact of recidivism was a unique sentencing factor, due to the fact that the defendant had already had an opportunity for a jury trial in the

prior offense.

However, the Court's recent decision in Shepard v. United States, 125 S.Ct. 1254 (2005), seemed to indicate that, in light of the recent precedent, Almendarez-Torres is no longer valid. Specifically, in Justice Thomas's concurring opinion in the Shepard case, he finds "The parties do not request it here, but in an appropriate case, this Court should consider Almendarez-Torres' continuing viability. Innumerable criminal defendants have been unconstitutionally sentenced under the flawed rule of Almendarez-Torres, despite the fundamental "imperative that the Court maintain absolute fidelity to the protections of the individual afforded by the notice, trial by jury, and beyond-a-reasonable-doubt requirements." Id. at 1264.  Further, Justice Thomas notes "a majority of the Court now recognizes that Almendarez-Torres was wrongly decided." Id.

The Circuit courts that have passed on this issue since the Shepard decision have recognized the shaky ground upon which Almendarez-Torres now stands, see United States v. Cheek, 415 F.3d 349 (4th C. 2005); United States v. Alvarez, 140 Fed Appx. 178 (11th C. 2005),although no court has yet to determine that Almendarez-Torres is no longer valid.

The Defendant submits that, in light of the rationale in Apprendi, Blakely, Shepard, and Booker, the lack of a jury

determination that the Defendant had prior convictions requires that the Court not utilize the convictions to enhance the sentence.

In sum, the Defendant submits that there are numerous mitigating factors which warrant imposition of a sentence far lower than the 92 month sentence originally imposed as part of this case. The Defendant's health, age, and conduct are all factors which warrant imposition of a lower sentence.

Respectfully Submitted,

 s/ Kevin Schad
Kevin M. Schad
Attorney for Defendant
Schad & Schad
1001 W. Main St. Suite F
Lebanon OH 45036
(513) 933-9333
Fax (513) 933-9375

### CERTIFICATE OF SERVICE

    I hereby certify that on <u>April 3, 2006</u>, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of electronic filing of this Motion to the following:


**kenneth.parker@usdoj.gov**

**maryann.arrasmith@usdoj.gov**

**USAOHS.ECFCinDTF@usdoj.gov**


                  <u>s/Kevin M. Schad</u>
                  Kevin M. Schad (0061802)
                  SCHAD & SCHAD
                  1001 W. Main St, Suite F
                  Lebanon, Ohio 45036-7955
                  Phone: 513-933-9333; Fax 513-933-9375
                  E-mail: kevinschad@yourattorneys.net